IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RES-GA COBBLESTONE, LLC and )
RES-GA MILLS COVE, LLC, )
)
      Plaintiffs, ) CIVIL ACTION FILE
v. )
) NUMBER 1:10-cv-3547-TCB
BLAKE CONSTRUCTION AND )
DEVELOPMENT, LLC, et al., )
)
      Defendants. )

**O R D E R**

## I.   **Background**

On September 13, 2010, Plaintiffs filed this action against Defendants

in the Superior Court of Fulton County, asserting Georgia state law claims

for slander of title, trespass and conversion.

On October 21, Defendants removed the case to this Court on the

basis of diversity jurisdiction, and the action was docketed as Civil Action

File Number 1:10-cv-3418-TCB. On October 26, Plaintiffs filed an

emergency motion to remand, contending among other things that removal

was improper under 28 U.S.C. § 1441(b) because the suit was filed in

Georgia and all of the Defendants resided in Georgia. On October 28, the Court granted Plaintiffs' motion and remanded the case to the superior court.

On October 29, Defendants filed a second notice of removal with this Court, this time contending that removal was proper based on federal question jurisdiction. The case was docketed as Civil Action File Number 1:10-cv-3547-TCB. On November 4, Plaintiffs filed an emergency motion to remand [5] on the grounds that their complaint does not assert a claim involving a federal question. On November 8, the Court granted Plaintiffs' motion [6] but retained jurisdiction for determining (1) the costs and expenses to award to Plaintiffs under 28 U.S.C. § 1447(c), and (2) whether Defendant Grady Roberts should be sanctioned under Fed. R. Civ. P. 11.

On November 12, Plaintiffs' counsel filed detailed information regarding Plaintiffs' requests for fees and expenses [8], and Roberts filed his response [9] to the Court's order that he show cause why he and his firm should not be sanctioned.

On November 19, the presiding judge in the superior court—Christopher S. Brasher—issued an order sua sponte recusing himself from

the case.[1]   That same day, Plaintiffs filed in this Court their reply to Roberts's response to the order to show cause [11].   Defendants did not respond to Plaintiffs' itemization of fees and expenses.

## II.   Plaintiffs' Just Costs and Actual Expenses

In its November 8 order, this Court determined that Plaintiffs were entitled to just costs and any actual expenses, including attorneys' fees, incurred as a result of Defendants' removal, as Defendants lacked an objectively reasonable basis for seeking removal.   *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *see also Devine v. Prison Health Servs., Inc.*, 212 F. App'x 890, 892-93 (11th Cir. 2006) (affirming district court's award of fees under § 1447(c) because the complaint asserted no federal question on its face); *cf. Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1331-32 (11th Cir. 2006) (declining to award fees partly because the state court complaint included a federal question).

---

[1] On November 22, 2010, Plaintiffs filed a copy of Judge Brasher's order with this Court [12].

## A.   Legal Standard

When awarding attorneys' fees, a court must "multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.* "The court must then consider the reasonable hours expended . . . [and] exclude excessive, redundant or otherwise unnecessary hours." *JVC Am., Inc. v. Guardsmark, LLC*, No. 1:05-cv-0681-JOF, 2007 WL 2872454, at *12 (N.D. Ga. Sept. 26, 2007) (internal quotations omitted).

The party applying for attorneys' fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). To satisfy that burden, the applicant must "provid[e] records to the court to show the time spent on different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so

that the district court can assess the time claimed for each activity." *JVC*, 2007 WL 2872454, at *12.

In arriving at a proper rate, the Court may take account of certain factors to tailor the amount to the particular case, such as the time and labor required; the novelty and the difficulty of the questions; the skill requisite to perform the legal service properly; the attorney's inability to accept other employment because he accepted the case; the customary fee for similar work in the community; time limitations imposed by the client or circumstances; the experience, reputation, and ability of the attorneys; the nature and length of the professional relationship with the client; and awards in similar cases. *Norman*, 836 F.2d at 1299 (referring to the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).[2]

### B.   Analysis

#### 1.   Attorneys' Fees

Plaintiffs request that the Court award $14,620.05 in attorneys' fees incurred by them as a result of Defendants' two removals of the case to this Court.  In support of their application for attorneys' fees, Plaintiffs have

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11 Cir. 1981) (en banc).

filed the affidavit of Nathan Garroway, who is responsible for supervising his firm's work on this case, and have attached detailed itemizations of time records and fees incurred by Garroway's law firm, McKenna Long & Aldridge, LLP. In his affidavit, Garroway declares that he reviewed his firm's billing records; that the fees listed were correct, reasonable, and necessarily incurred; and that these statements were based on his personal knowledge.

As noted above, Defendants have not responded to Plaintiffs' application for attorneys' fees and costs.

Under *Norman*, the Court must multiply reasonable hours spent by a reasonable hourly rate when evaluating Plaintiffs' requested attorneys' fees. 836 F.2d at 1299. Reviewing Plaintiffs' itemized list of time records and fees, the Court finds that Plaintiffs' request for attorneys' fees reflects reasonable hours spent multiplied by a reasonable hourly rate. Accordingly, the Court awards Plaintiffs $14,620.05 in attorneys' fees.

### 2. Costs

Plaintiffs also request that the Court award $699.96 in costs incurred as a result of Defendants' two removals. Defendants did not respond to this

request, and the Court finds that it is reasonable.  Thus, the Court awards Plaintiffs $699.96 in costs.

## III.  Sanctions

In their November 4 emergency motion to remand [5], Plaintiffs asked the Court to schedule a hearing for Defendant Grady Roberts, who also serves as counsel of record for all Defendants, to show cause why he should not be sanctioned under (1) Fed. R. Civ. P. 11 for filing multiple frivolous notices of removal; (2) 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these proceedings; and (3) the Court's inherent powers.

### A.  Sanctions Pursuant to Fed. R. Civ. P. 11

In its November 8 order, the Court held that it appeared that Roberts had violated Rule 11(b), as (1) the purpose of each of Defendants' two removals was to delay the hearing on Plaintiffs' motion for contempt in the superior court action and generally to harass Plaintiffs, their counsel, and Judge Brasher and to increase litigation costs, and (2) neither removal was supported by existing law, and it was obvious from the face of the complaint that this Court lacked removal jurisdiction.  Thus, the Court stated that it was inclined to sanction Roberts and his law firm.

However, Rule 11(c) required the Court to give Roberts notice and a reasonable opportunity to respond to Plaintiffs' allegations and the Court's findings. Roberts has responded [9] to the Court's show cause order and Plaintiffs have filed a reply [11] to his response.

### 1.   Legal Standard

Rule 11(b) provides in relevant part:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law . . . .

"The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citation omitted). "Rule 11(c) authorizes a court to impose appropriate sanctions on an attorney or party who has violated Rule 11(b)."

8

*Tucker v. U.S. Small Bus. Admin.*, No. 1:09-cv-2723-TWT, 2010 WL 925176, at *3 (N.D. Ga. Mar. 8, 2010) (citation omitted).

The Eleventh Circuit employs a two-step inquiry, determining "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker*, 158 F.3d at 524; *see also Isaac v. Am. Intercontinental Univ.*, No. 1:05-cv-2839-JEC, 2007 WL 1959201, at *3 (N.D. Ga. June 28, 2007); *Reuter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1266 (N.D. Ala. 2006). "Rule 11's primary objective is to give a litigant pause to stop, think, and investigate more carefully before filing papers, thereby streamlining the administration and procedure of the federal courts." *Noe v. Interstate Brands Corp.*, 188 F.R.D. 513, 515 (S.D. Ind. 1999) (internal marks and citations omitted).

### 2. Violation of Rule 11(b)

"Sanctions may be appropriate when the plain language of the applicable statute and the case law preclude relief." *Baker*, 158 F.3d at 524. As for Defendants' first removal, 28 U.S.C. § 1441(b) explicitly states that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

brought." Moreover, the burden is on Defendants, the parties seeking removal, to establish removal jurisdiction. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 390 (N.D. Ga. 1983).

When Roberts removed the case the first time, he indicated on the civil cover sheet filed with this Court that at least one of the Defendants is a citizen of Georgia, the state in which the action was brought. Also, Roberts did not challenge Plaintiffs' assertion in their complaint that Defendants were citizens of Georgia. Thus, a reasonable attorney in Roberts's position would have known, and Roberts should have known, that § 1441, the statute upon which he relied in part in seeking removal, explicitly prohibited the first removal. Indeed, in his response to the Court's show cause order, Roberts does not defend or address at all his decision to remove this action on the basis of diversity jurisdiction, even though § 1441 explicitly prohibited removal on that basis in light of Defendants' Georgia citizenship.

As for Defendants' second removal, it is well established that for federal question jurisdiction to exist, the federal question must form an essential element of *Plaintiffs'* cause of action and that defenses arising under federal law are insufficient to establish federal question jurisdiction

for removal purposes. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).   In his response, Roberts admits that removal was improper under the well-pleaded complaint rule and that he was "misguided" as to the requirements for removal based upon federal question jurisdiction.

Roberts then attempts to excuse his behavior on the grounds that he "acted under a good faith belief" that Defendants' federal statutory and constitutional defenses established federal question jurisdiction and thus permitted removal.  Roberts, however, fails to provide any case or statutory law in support of his position, which undermines his contention that he acted in good faith. *See Total Television Entm't Corp. v. Chestnut Hill Vill. Assocs.*, 145 F.R.D. 375, 384 (E.D. Pa. 1992) ("where an attorney ignores an unbroken line of contrary authority, fails to offer even farflung analogies, cites only a single wholly inapposite case in support of his argument, and files only short, conclusory briefs, that attorney is engaged in empty posturing, not good faith argument") (internal citation and quotations omitted).

Moreover, this Court's order swiftly remanding the case following the first removal made clear that it would not countenance abuse of the removal process. Thus, it was incumbent upon Roberts to take time to investigate the factual and legal bases for Defendants' second removal prior to actually removing the case the second time. An attorney is required to research the legal and factual issues involved and determine whether they have merit. *In re Interstate Steel Setter, Inc.*, 65 B.R. 312, 316 (N.D. Ill. Bankr. 1986). Even cursory research prior to filing either notice of removal would have made clear to Roberts that he could not establish federal jurisdiction for either removal. Consequently, sanctions against him for failure to comply with Rule 11(b)(2) are appropriate since both removals were "unwarranted by existing law." *Chaplin v. Du Pont Advance Fiber Sys.*, 124 F. App'x 771, 775 (4th Cir. 2005).

Perhaps aware of the weakness of his explanation for the second removal, Roberts claims that even if he had no basis for seeking removal, his conduct did not arise out of any vexatious, unjust or defiant motive or litigation strategy. Rather, he asserts that he sought removal in order to "pursue the just, adequate and fair adjudication of Defendants' interest." Review of the entire picture, though, undermines this cursory attempt to

excuse his behavior and shows that sanctions are appropriate under Rule 11(b)(1).

The timing of Defendants' two removals and the filing of their federal complaint show that Defendants intended to harass Plaintiffs, their counsel and Judge Brasher by delaying the progress of the superior court action, avoiding a hearing on Plaintiffs' motion for contempt, vexatiously multiplying the proceedings, and increasing Plaintiffs' litigation costs.

On October 21, Judge Brasher set a hearing on Plaintiffs' renewed motion for contempt for November 2.  That same day (October 21), Defendants removed the case for the first time.  The next day, Plaintiffs' counsel sent a letter to Roberts, explaining that there was no basis for removal and demanding that Roberts consent, by noon on October 25, to remand of the case to the superior court.

Even without this letter, Roberts was already aware that removal was improper, as he has removed at least three other cases this year to this Court on the same basis, all of which were immediately remanded. *See Ridgestone Bank v. Kiamsha House Ministries, Inc.*, No. 1:10-cv-1120-TWT (case removed on April 15 and remanded on May 4 with expenses and costs awarded to Plaintiffs); *BAC Home Loans Servicing LP v. Roosevelt Curry,*

*Jr.*, No. 1:10-cv-1303-JEC (case removed on April 29 and remanded on June 4); *First Horizon Home Loans v. Komichel Johnson "And All Others"*, No. 1:10-cv-3161-HLM (case removed on October 4 and remanded on October 25 with attorneys' fees and costs awarded to Plaintiff). Defendants never responded to the October 22 letter from Plaintiffs' counsel demanding that Defendants consent to remand of the case to the superior court, nor did they comply with that demand. As a result of the removal, the November 2 superior court hearing had to be cancelled.

After this Court remanded the action, on October 29 Judge Brasher set the contempt hearing for November 18. After close of business that day, Defendants again removed the case to this Court, this time on the basis of federal question jurisdiction. Defendants have provided no explanation for why this basis for removal was not included in their first notice of removal or how it was not another attempt to avoid the contempt hearing. In spite of Defendants' second attempt to avoid the contempt hearing, Judge Brasher entered an order placing the parties on notice that the hearing set for November 18 remained set unless this Court had not remanded the case by 5:00 p.m. on November 17. This, however, did not prevent Defendants

from once again abusing the federal judiciary in order to avoid the contempt hearing.

On November 18, Roberts filed a new lawsuit in this Court. The defendants in that case are the plaintiffs and their counsel in this case, as well as Judge Brasher. Roberts's federal suit was docketed as Civil Action File Number 1:10-cv-3803-JOF and assigned to Judge Forrester. That same day, prior to the commencement of Roberts's superior court contempt hearing, Roberts gave Judge Brasher and Plaintiffs' counsel a copy of the complaint he filed in this Court earlier that day. Roberts simultaneously filed in the superior court action a motion seeking Judge Brasher's recusal from that case, alleging bias on Judge Brasher's part because of the pendency of the federal lawsuit that Roberts filed against Judge Brasher (and others) earlier that day.

Significantly, Defendants failed to support their motion to recuse with the affidavit required by Uniform Superior Court Rule 25.1[3] or to provide evidence tending to show actual (rather than presumed) bias on the part of

---

[3] The rule states in pertinent part that "[a]ll motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be timely filed in writing and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded." http://www.georgiacourts.org/files/UNIFORM%20SUPERIOR%20COURT%20RULES _Updated_11_10.pdf (last visited December 2, 2010).

Judge Brasher.  Consequently, on November 19, Judge Brasher entered an order denying Defendants' motion to recuse, but nevertheless sua sponte recusing himself from the superior court action.   In that order, Judge Brasher details Roberts's conduct in this case, ultimately concluding that "[t]he conduct undertaken in this action by Attorney Roberts has been outrageous and unprofessional, and should be profoundly disturbing to any person who believes in the rule of law."  Judge Brasher's order concludes that the federal complaint "is little more than a thinly-veiled threat in that it attempts to require the U.S. Marshal to serve the undersigned Judge at his *home address.*"  Echoing this Court's sentiment, Judge Brasher states that "there is no place in the law for the type of scurrilous and outrageously unprofessional actions taken in this matter.  Moreover, there should be no place in our profession for 'attorneys' who perpetrate such actions."

In light of the foregoing, the Court rejects Roberts's contention that his two removals of this case were not filed with the intent to harass, delay or increase Plaintiffs' litigation costs or to harass Plaintiffs' counsel and Judge Brasher.   Rule 11 imposes upon attorneys the "burden of investigating both the factual and legal bases for the claims they assert in papers addressed to the court." *Patterson v. Aiken,* 111 F.R.D. 354, 355

(N.D. Ga. 1986). A cursory review of statutory and case law addressing removal would have clearly shown Roberts that both removals were not allowed under existing law. The other facts surrounding the two removals show that each removal was intended to harass Plaintiffs, their counsel and Judge Brasher and to delay the superior court action. Consequently, the Court finds that Rule 11(b) has been violated and that sanctions against Roberts and his firm are appropriate.

### 3.   Type of Sanctions

"[T]he selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion." *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987); *see also* FED. R. CIV. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney [or] law firm . . . that violated the rule or is responsible for the violation."). Guiding the Court's decision is Rule 11(c)(4)'s admonition that the sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."

The Court considers the following factors in determining an appropriate sanction: (1) whether Roberts's improper conduct was willful or negligent; (2) whether his conduct was part of a pattern or an isolated

event; (3) whether his conduct infected the entire pleading, or only one particular count; (4) whether Roberts has engaged in similar conduct in other litigation; (5) whether Roberts's conduct was intended to injure; (6) what effect his conduct had on the litigation process in time or expense; (7) whether Roberts is trained in the law; (8) what amount, in light of Roberts's financial resources, is needed to deter him from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants. *McDonald v. Emory Healthcare Eye Ctr.*, No. 10-10493, 2010 WL 3157748, at *2 (11th Cir. Aug. 11, 2010) (quoting FED. R. CIV. P. 11 advisory committee's note (1993 Amendments)).

Evaluating these factors, the Court finds based on the facts discussed above that (1) Roberts acted willfully; (2) his conduct reflects a pattern of activity; (3) his conduct infected the entire pleading; (4) he has engaged in similar conduct in other litigation; (5) his conduct was intended to injure Plaintiffs, their counsel and Judge Brasher; (6) his conduct has delayed the superior court action and the hearing on Plaintiffs' motion for contempt and caused this Court to divert time and resources to address his offensive behavior; and (7) Roberts is a licensed attorney, having graduated from

Georgia State University College of Law in 1993 and having been admitted to the Georgia bar in 1994.[4]

As for the amount or type of sanction needed to deter Roberts and others from engaging in similar behavior in the future, Plaintiffs ask the Court to (1) order Roberts to pay a $2,000 fine into the registry of the Court within ten days of the date of this Order; (2) order Roberts to disgorge any and all fees received from any party with respect to his representation of Defendants in connection with filing the notices of removal, payment to be remitted to the registry of the Court; (3) issue the referral of a complaint to the State Disciplinary Board of the State Bar of Georgia for investigation of Roberts; (4) suspend Roberts from filing any cases in the Northern District of Georgia for three years from the date of this Order; (5) transfer the federal complaint to the undersigned and strike and dismiss that complaint with prejudice.

The Court concurs with Plaintiffs' suggested sanctions with slight modification. The Court finds that Roberts should be disbarred from appearing before this Court, rather than suspended for a period of three years. In three years time, Roberts may petition the Court to be reinstated,

---

[4] Indeed, in his firm profile, Roberts advertises himself as "one of Atlanta's leading business attorneys." Attorney Profile :: Grady Roberts :: Roberts Law LLC, http://www.robertslawllc.com/grady-roberts.php (last visited December 1, 2010).

and the Court finds this additional step is necessary to ensure that in three years time Roberts has improved how he practices law.  The undersigned, however, is unable to unilaterally disbar Roberts and thus will refer the matter to Chief Judge Carnes for execution of the disciplinary proceedings outlined in Local Rule 83.1F with the view that Roberts be disbarred from appearing in this Court.

Roberts's behavior has been reprehensible, and he continued to engage in that behavior despite this Court's order putting him on notice that his conduct was sanctionable.  For example, on November 8 this Court held that Roberts's behavior suggested that he was using the federal court system to harass Plaintiffs, their counsel and Judge Brasher and to avoid a hearing in the superior action dealing with his contumacious behavior in that court.  In that same order, the Court held that Defendants would have to pay attorneys' fees to Plaintiffs as a result of their frivolous notices of removal.

Rather than take heed that this Court's jurisdiction was not to be abused, which was made abundantly clear in the November 8 order, Roberts filed the federal lawsuit, which largely overlaps with issues already before Judge Brasher, and once again delayed the superior court contempt

hearing, harassed Plaintiffs, their counsel and Judge Brasher, and went so far as to attempt to serve Judge Brasher at his home address via a United States Marshal. Moreover, there are at least three other cases this year that Roberts has removed to this Court even though it was obvious that this Court lacked removal jurisdiction. In two of those cases, Roberts was made to pay the plaintiffs' attorney's fees and costs.

Roberts's continued abuse of Plaintiffs, their counsel, Judge Brasher, the Fulton County Superior Court and this Court's time and resources is unacceptable. Immediate remand of his frivolous removals has not deterred him. The award of attorneys' fees and costs as a result of his frivolous removals has not deterred him. The threat of Rule 11 sanctions has not deterred him. Consequently, the Court finds that the draconian sanctions suggested by Plaintiffs are necessary to deter Roberts and others from engaging in similar abuse of the judicial system in the future.

**B.    Sanctions Pursuant to 28 U.S.C. § 1927**

Plaintiffs contend that sanctions against Roberts are also appropriate under 28 U.S.C. § 1927 because his two removals unreasonably and vexatiously multiplied the proceedings. Roberts responds, as discussed

above, that his conduct did not arise out of "any vexatious, deliberately unjust, or defiant motive or litigation strategy."

28 U.S.C. § 1927 provides in pertinent part that

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Eleventh Circuit has held that this statute imposes three essential requirements for an award of sanctions under § 1927: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must be conduct that multiplies the proceedings; and (3) dollar amount of the sanction cannot exceed the costs, expenses and attorneys' fees reasonably incurred because of such conduct. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). As to the first element, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.* (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)). Evaluation of the attorney's conduct "demands an objective analysis." *Id.* at 1240. Thus, before a court may order an attorney to pay the costs, expenses, and attorneys' fees reasonably incurred, that

court must find that the attorney *"knowingly* or *recklessly* pursue[d] a frivolous claim . . . ." *Id.* at 1242.

As discussed previously, Roberts knowingly pursued a frivolous claim when he removed the superior court action to this Court twice even though it was apparent from the face of Plaintiffs' complaint that this Court lacked removal jurisdiction. He filed these removals in order to harass Plaintiffs and to avoid the superior court contempt hearing. After he was unable to remove the superior action to this Court, Roberts then filed a new federal lawsuit that named as defendants, among others, Plaintiffs, their counsel and Judge Brasher. This conduct once again delayed the superior court contempt hearing and harassed Plaintiffs, their counsel and Judge Brasher. The Court finds that this conduct clearly constitutes bad faith and that it multiplied the proceedings threefold. Thus, the Court rejects Roberts's contention that he acted in good faith; sanctions under § 1927 are appropriate. *See Spolter v. SunTrust Bank,* No. 10-10441, 2010 WL 4608772, at *3 (11th Cir. Nov. 16, 2010) (finding sanctions under § 1927 appropriate where the totality of the circumstances supported a finding of objective unreasonableness even though the attorney argued that his numerous motions were made in subjective good faith).

As the Court has already awarded costs and attorneys' fees incurred as a result of Defendants' two removals, there are no additional monies owed as a result of the finding that sanctions are appropriate under § 1927.

## C.   Court's Inherent Authority

Plaintiffs also argue that the Court should sanction Roberts pursuant to its inherent power. "The key to unlocking a court's inherent power is a finding of bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010). The threshold of bad faith conduct under a court's inherent power "is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Id.* (quoting *Amlong*, 500 F.3d at 1252). Consequently, the Court's finding that Roberts acted in bad faith as required by § 1927 means that the threshold of bad faith conduct has been satisfied for the Court's inherent power as well. Thus, the Court may exercise its inherent power to sanction Roberts for his bad faith conduct.

However, "if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent authority." *Peer*, 606 F.3d at 1315.   In this case, the Court finds that it can impose appropriate sanctions under § 1447, Rule 11 and § 1927.   However, in the event that the sanctions may be found inappropriate under these

provisions, the Court finds that its inherent authority permits the sanctions imposed against Roberts.

## III. Conclusion

Pursuant to 28 U.S.C. §§ 1447 and 1927, the Court hereby ORDERS Roberts and his firm to pay Plaintiffs' counsel $15,320.01 within ten days of the date of this Order.  Pursuant to Rule 11 and the Court's inherent power, the Court ORDERS Roberts to (1) pay a $2,000 fine into the registry of the Court within ten days of the date of this Order and (2) disgorge any and all fees and expenses received from any party with respect to his representation of Defendants in connection with the two removals and the recently filed federal action.  Within ten days, Roberts shall file an affidavit attesting to the amount of such fees and expenses and indicating when and to whom payment has been remitted.

The Court DIRECTS the Clerk to refer this action to Chief Judge Julie E. Carnes for execution of this Court's disciplinary proceedings as set forth in Local Rule 83.1F with the view that Grady Roberts should be disbarred from this Court.

The Court also DIRECTS the Clerk to TRANSFER Civil Action File Number 10-cv-3803-JOF to the undersigned.   Once the case has been

transferred, the Court will enter an order striking the complaint and dismissing it with prejudice.  Finally, the Court will forward a copy of this Order to the State Disciplinary Board of the State Bar of Georgia for an investigation of Roberts.

IT IS SO ORDERED this 2nd day of December, 2010.

Timothy C. Batten, Sr.
United States District Judge