IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RES-GA COBBLESTONE, LLC and
RES-GA MILLS COVE, LLC,

        Plaintiffs,

v.

BLAKE CONSTRUCTION AND
DEVELOPMENT, LLC,
COBBLESTONE AT IVY, LLC,
WELLINGTON LAKE ESTATES, LLC,
MOUSTAFA MOKHEMAR, SEASE
CONSTRUCTION, LLC, ROBERT M.
SEASE, GRADY A. ROBERTS, and
FIAME MICHELLE SIMPSON,

        Defendants.

Civil Action No.
1:10-CV-03547-TCB

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF SANCTIONS AND JUDGMENT OR FOR SUPERSEDEAS BOND DURING APPEAL AND IN OPPOSITION TO DEFENDANT ROBERTS' MOTION TO STAY EXECUTION OF CONTEMPT SANCTIONS, TO PURGE CONTEMPT, OR TO POST SUPERSEDEAS BOND FOR CONTEMPT PENDING APPEAL

Plaintiffs RES-GA Cobblestone, LLC and RES-GA Mills Cove, LLC

("Plaintiffs") respectfully submit this Memorandum of Law in Opposition to

Defendants Grady A. Roberts, III ("Roberts"), and Roberts Law, LLC's

(collectively "Defendants") Motion for Stay of Sanctions and Judgment or for Supersedeas Bond Pending Appeal filed on July 7, 2011 ("Defendant's Motion for Stay") [Dkt. 86].  This Memorandum of Law is also in Opposition to Defendant Roberts's Motion to Stay Execution of Contempt Sanctions, to Purge Contempt, or to Post Supersedeas Bond for Contempt Pending Appeal ("Roberts' Motion for Stay") [Dkt. 89], which was filed on July 12, 2011, less than two hours after this Court denied [Dkt. 88] Defendant Roberts's Emergency Motion to Stay Execution of Contempt Sanctions, to Purge Contempt, or to Post Supersedeas Bond for Contempt Pending Appeal [Dkt. 87].

## **INTRODUCTION**

In less than one week, Defendants filed three motions seeking to stay enforcement of the Court's contempt sanctions.  In Defendants' Motion for Stay and Roberts's Motion for Stay, Defendants argue that they are entitled to a stay pursuant to Federal Rule of Civil Procedure 62.  Contrary to Defendants' arguments, Rule 62 does not provide a stay in this case because 1) a judgment has not yet been entered; and 2) Defendants have furnished no authority to support their novel contention that Rule 62 should provide a stay of a contempt order.

Further, Defendants state that, while they have an ability to raise and/or pledge up to $60,000, the money should be used to post a bond rather than to pay

the fines and fees required under the Court's orders.  Allowing Defendants to use Rule 62 to stay enforcement of the Court's orders would run counter to the purpose of Rule 62 and would undermine the Court's authority.  Accordingly, the Court should deny Defendants' Motion for Stay and Roberts's Motion for Stay.

## FACTS

Plaintiffs incorporate by reference herein the facts from Plaintiffs' Second Emergency Motion to Remand [Dkt. 5], Plaintiffs' Brief in Support of Sanctions [Dkt. 11], the December 2, 2010 Order issuing sanctions against Roberts and Roberts Law (the "December 2, 2010 Order") [Dkt. 13], the January 19, 2011 Order on Plaintiffs' Motion for Contempt (the "January 19, 2011 Order") [Dkt. 23], and Plaintiffs' Brief in Opposition to Motion for Stay of Execution as a Matter of Right Pursuant to Fed. R. Civ. P. 62(f) [Dkt. 54].

On December 2, 2010, this Court ordered sanctions against Roberts and Roberts Law, among other things, requiring Roberts and Roberts Law to pay McKenna Long & Aldridge LLP $15,320.01 within ten days of December 2, 2010. In addition, the Order required Roberts to: (1) pay a $2,000 fine into the registry of the Court within ten days of December 2, 2010; (2) disgorge any and all fees and expenses received from any party with respect to his representation of Defendants in connection with the two removals and the filing of a related federal action; and

(3) within ten days of December 2, 2010, file an affidavit attesting to the amount of such fees and expenses and indicating when and to whom payment had been remitted.

On December 14, 2010, Roberts filed a "Disclosure of Compensation of Attorney for Defendants" [Dkt. 15] that failed to comply with the December 2, 2010 Order. On December 17, 2010, the Court ordered [Dkt. 16] Roberts to file an affidavit that complied with the December 2, 2010 Order, to disgorge all compensation received by him or his law firm from any party with respect to his representation of Defendants in connection with the two removals and the related federal action, and to pay the $2,000 fine imposed by the December 2, 2010 Order. In addition, the Court notified the parties that if Roberts failed to comply with the December 2, 2010 Order by December 30, a hearing would be held on January 7, 2011 for Roberts to show cause why the Court should not hold him in contempt.

On December 20, 2010, Plaintiffs filed a motion for contempt [Dkt. 17] which alleged that Roberts and Roberts Law failed to comply with the December 2, 2010 Order. On December 21, 2010, the Court ordered [Dkt. 18] Roberts to file a brief in opposition to Plaintiffs' motion for contempt before January 5, 2011. Further, the Court notified the parties that a hearing was set for January 7, 2011 for Roberts to show cause why Plaintiffs' motion for contempt should not be granted.

On December 31, 2010, Roberts filed an amended "Disclosure of Compensation of Attorney for Defendants" [Dkt. 19] that contained minimal changes to the document Roberts had filed with the Court on December 14, 2010. On January 6, 2011, Roberts filed a brief and affidavit in opposition to Plaintiffs' motion for contempt [Dkt. 20, 20-1] claiming that Roberts Law was "financially unable to pay sanctions awarded against them in this matter."

On January 7, 2011, the Court held a hearing for Roberts to show cause why Plaintiffs' motion for contempt should not be granted. Roberts failed to appear at the hearing. On January 19, 2011, the Court entered an order [Dkt. 23] finding Roberts and Roberts Law in contempt of the December 2, 2010 Order. In addition to an award of Plaintiffs' attorneys fees incurred in bringing the motion for contempt and preparing for the January 7, 2011 hearing, the Court issued the following sanctions: (a) a $250.00 daily fine upon both Roberts and Roberts Law until they complied with the December 2, 2010 Order; and (b) if Roberts failed to comply with the December 2, 2010 Order and the January 19, 2011 Order by February 2, 2011, the Court would have Roberts incarcerated until Roberts fully complied with the December 2, 2010 Order and the January 19, 2011 Order. Further, the January 19, 2011 Order provided, "If Roberts and Roberts Law, LLC fail to pay Plaintiffs' counsel $21,625.19 by February 2, 2011, pursuant to Fed. R.

Civ. P. 58, this Court will convert Plaintiffs' $21,625.19 attorneys' fees award to a judgment in favor of Plaintiffs."  Finally, the January 19, 2011 Order provided, "If Roberts and Roberts Law, LLC fail to comply with the December 2 order and this order by February 2, 2011, the Court COMMANDS Roberts to appear on February 2, 2011 at 10:30 a.m. in Courtroom 1708 to be incarcerated until he and Roberts Law, LLC purge themselves of civil contempt.  If Roberts fails to appear before this Court on February 2, 2011 at 10:30 a.m., the Court will issue a bench warrant for his arrest."[1]

On February 1, 2011, Roberts filed a Notice of Appeal [Dkt. 27] on behalf of himself and Roberts Law but did not seek to stay enforcement of the December 2, 2010 Order or the January 19, 2011 Order.  Roberts and Roberts Law failed to comply with the December 2, 2010 Order and the January 19, 2011 Order by February 2, 2011.  Accordingly, the Court held a hearing on February 2, 2011. Roberts failed to appear on February 2, 2011 and the Court issued a Bench Warrant for the Arrest of Grady Roberts [Dkt. 30] commanding authorized law enforcement to arrest Roberts and bring him before the Court.

---

[1]    The January 19, 2011 Order also provided, "Roberts may contact the Court at any time before February 2, 2011 to schedule a hearing upon reasonable notice to Plaintiffs to show that he and Roberts Law, LLC have complied with the December 2 order and this order."

On February 22, 2011, the Court entered an order [Dkt. 41] vacating the bench warrant as to Roberts, "pending completion of Plaintiffs' deposition of Roberts and Roberts's timely production of documents requested by Plaintiffs and timely service of sworn answers to Plaintiffs' interrogatories." Further, the February 22, 2011 Order provided, "If the Court determines that Roberts has still failed to meet his burden of showing that he and his law firm are unable to comply with the Court's orders due to an inability to pay, the Court will issue another warrant for Roberts's arrest, and he will be incarcerated until he and his law firm purge themselves of civil contempt."

On March 1, 2011, Roberts and Roberts Law filed a Motion for Stay of Execution as a Matter of Right Pursuant to Fed. R. Civ. P. 62(f) ("Roberts's First Motion for Stay") [Dkt. 47] seeking an order staying enforcement of the Court's orders. On March 15, 2011, Plaintiffs filed a Brief in Opposition to Motion for Stay of Execution as a Matter of Right Pursuant to Fed. R. Civ. P. 62(f) [Dkt. 54] and a Brief Regarding Defendants' Alleged Inability to Pay [Dkt. 55]. On May 16, 2011, the Court issued an order (the "May 16, 2011 Order") [Dkt. 73] finding that Defendants failed to prove an inability to pay and were still in contempt of the Court's orders. The May 16, 2011 Order also held that in addition to $59,000 in fines to the Court and $21,625.19 in attorneys' fees and costs owed to Plaintiffs,

Defendants were also required to pay "Plaintiffs attorneys' fees earned and costs expended for the deposition, financial discovery, and two briefs regarding Roberts and Roberts Law's alleged inability to pay." Further, the Court reissued a Warrant for the Arrest of Grady Roberts [Dkt. 74].

On May 26, 2011, Plaintiffs filed the Affidavit of Nathan L. Garroway [Dkt. 75] detailing attorneys' fees and costs for the deposition, financial discovery, and two briefs regarding Defendants' alleged inability to pay. Defendants did not respond to the affidavit. On June 15, 2011, Defendants filed a Notice of Appeal [Dkt. 77] of the May 16, 2011 Order. Subsequently, the Court issued an order on June 16, 2011 (the "June 16, 2011 Order") [Dkt. 79] awarding Plaintiffs $31,316.50 in additional attorneys' fees and costs. The June 16, 2011 Order held that Defendants owed $55,571.76 in attorneys' fees and costs to Plaintiffs' counsel and $57,000 in fees to the Court. Defendants did not appeal the June 16, 2011 Order. On June 17, 2011, Plaintiffs filed two checks that they discovered in the state court litigation showing payments for legal fees and/or expenses from Sease Construction LLC to Roberts in November and December 2010. [Dkt. 81].

On June 20, 2011, Plaintiffs filed a Motion for Entry of Judgment [Dkt. 82] for the $55,571.76 in attorneys' fees and costs owed to Plaintiffs. On July 5, 2011, Defendants filed a Response Brief in Opposition to Motion for Entry of Judgment

[Dkt. 85].  On July 22, 2011, Plaintiffs filed their Reply Brief in Support of their Motion for Entry of Judgment [Dkt. 90].  The Court has not issued a ruling on Plaintiffs' Motion for Entry of Judgment.

**ARGUMENT**

**I.      Defendants Are Not Entitled To A Stay Pursuant To Federal Rule Of Civil Procedure 62(f).**

Rule 62(f) provides: "If a *judgment* is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  Fed. R. Civ. P. 62(f) (emphasis added).

Similar to Roberts's First Motion for Stay, reliance on Rule 62(f) to stay enforcement of the Court's orders is misplaced.  First, no judgment has been entered in this case.  None of the Court's orders constitute a money judgment.  *See England v. Goodcents Holdings, Inc.*, No. 1:08-CV-1702-RWS, 2009 WL 2835201, at *2 (N.D. Ga. Aug. 31, 2009) (finding a sanction of attorney's fees for needlessly prolonging litigation is not the same as a money judgment).  Instead, the Court's orders awarded Plaintiffs attorneys' fees and costs, which can be converted into a judgment.  Although the Court has the authority to convert the $55,571.76

owed to Plaintiffs into a money judgment, the Court has not yet done so.[2]  Second, there is no "lien" and no "judgment debtor" in this case.  *See Island Silver & Spice, Inc. v. Islamorada, Village of Islands*, 486 F. Supp. 2d 1347, 1352 (S.D. Fla. 2007) (denying defendant's motion for stay where, *inter alia*, there was no lien on the defendant's property).  Indeed, Plaintiffs have taken no action to perfect or to record a lien because there is no judgment entered in this case.

Further, Defendants argue that they are entitled to a stay because Georgia trial courts must grant a stay on appeal pursuant to O.C.G.A. § 5-6-13. Defendants, however, do not offer any case law to explain why Georgia law would apply to stay enforcement of the Court's orders issuing contempt sanctions.  In fact, Defendants' argument is contradicted by treatise language cited in Defendants' Motion for Stay that states, "The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal."  Charles Alan Wright & Arthur R. Miller, 16A Federal Practice & Procedure § 3954 (4th ed. 2011).  Federal law, not Georgia law, dictates whether Defendants are entitled to a stay.  *See Wilmer v. Board of County Commissioners of Leavenworth County, Kan.*, 844 F. Supp. 1414, 1418 (D. Kan.

---

[2]     Plaintiffs filed a Motion for Entry of Judgment on June 20, 2011; however, that motion was opposed by Defendants and the Court has not issued a ruling.

1993); *Bank South, N.A. v. Roswell Jeep Eagle, Inc.*, 200 Ga. App. 489, 490 (1991) ("Under federal law, the filing of a notice of appeal or designated post-trial motion does not create an automatic supersedeas.")

Because no judgment has been entered and there is no corresponding lien on Roberts's or Roberts Law's property, Defendants are not entitled to a stay pursuant to Rule 62(f).  Accordingly, the Court should deny Defendants' Motion for Stay and Roberts's Motion for Stay.

## II.   Defendants Are Not Entitled To A Stay Pursuant To Federal Rule Of Civil Procedure 62(d).

Defendants argue that Federal Rule of Civil Procedure 62(d) entitles them to a stay as a matter of right if Defendants post a bond.  Rule 62(d), like Rule 62(f), applies in circumstances where a party seeks to stay the enforcement of a *judgment*.  *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3 (1966) (holding Rule 62(d) entitles a defendant to stay of a "money judgment" if a bond is posted); *S.E.C. v. Yun*, 208 F. Supp. 2d. 1279, 1284 (M.D. Fla. 2002), citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("The purpose of a supersedeas bond is to secure 'the prevailing party against any loss sustained as a result of being forced to forgo *execution on a judgment* during the course of an ineffectual appeal'") (emphasis added).  No such judgment has been issued in this case.

Further, Defendants argue the purpose of a supersedeas bond is to preserve the status quo.  However, allowing Defendants to post a supersedeas bond to preserve the status quo, here, would effectively give Defendants permission to continue to disregard the Court's orders.  Defendants have been blatant about their disregard for the Court's orders and authority.  For example, Roberts claimed an inability to comply with the Court's orders because he was insolvent.  Roberts supported his arguments by filing an unsubstantiated pauper's affidavit [Dkt. 25], filing and then dismissing a Chapter 13 bankruptcy [No. 11-53671-JB, Dkts. 1 and 17], and testifying about his purported insolvency in a deposition mandated by the Court.  Now, Roberts claims that he can, not only raise and borrow sufficient funds to purge himself of the January 19, 2011 Order contempt sanctions, but, alternatively, provide enough equity in real property to secure a $60,000 bond.  Nevertheless, Roberts still refuses to make *any* attempt to comply with the Court's orders, and states in Roberts's Motion for Stay that "a partial payment of the contempt sanctions would not resolve anything…"

By invoking Rule 62(d), Defendants seek to utilize the supersedeas bond procedure as a mechanism to avoid this Court's orders.  Using the supersedeas bond in this manner runs counter to any purpose of Rule 62(d) and should be

rejected by this Court.  Therefore, the Court should deny Defendants' Motion for Stay and Roberts's Motion for Stay.

## CONCLUSION

Defendants claim that if a stay pursuant to Federal Rule of Civil Procedure 62 is not granted, Roberts would be imprisoned for debts he cannot pay. Defendants, however, ignore the "overwhelming weight of authority [that holds] civil contempt fines are not debts, and that confinement to coerce payment of previously assessed contempt fines is not imprisonment for debt."  *S.E.C. v. Diversified Growth Corp.*, 595 F. Supp. 1159, 1171-72 (D.D.C. 1984).  Contrary to their prior statements to this Court, Defendants have now admitted they have the ability to at least partially comply with the Court's orders, they just refuse to do so. For the foregoing reasons, Plaintiffs ask this Court to deny Defendants' Motion for Stay and Roberts's Motion for Stay.

Respectfully submitted this 25th day of July, 2011.

                              MCKENNA LONG & ALDRIDGE
                              LLP


                         By:  */s/ Nathan L. Garroway*
                              Nathan L. Garroway
                              Georgia Bar No. 142194
                              Kathleen A. Lentz
                              Georgia Bar No. 214008

303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000

                              Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that on July 25, 2011, I electronically filed the foregoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF SANCTIONS AND JUDGMENT OR FOR SUPERSEDEAS BOND DURING APPEAL AND IN OPPOSITION TO DEFENDANT ROBERTS' MOTION TO STAY EXECUTION OF CONTEMPT SANCTIONS, TO PURGE CONTEMPT, OR TO POST SUPERSEDEAS BOND FOR CONTEMPT PENDING APPEAL with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

groberts@robertslawllc.com
jhoward@howardfirm.com

/s/ Nathan L. Garroway
Nathan L. Garroway
Georgia Bar No. 142194

McKenna Long & Aldridge LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198 (facsimile)

*Attorney for Plaintiffs*

# CERTIFICATE UNDER LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing pleading is a computer-generated document, prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1(B).

Respectfully submitted, this 25th day of July, 2011.

*/s/  Nathan L. Garroway*
Nathan L. Garroway
Georgia Bar No. 142194

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198 (facsimile)

*Attorney for Plaintiffs*